[Civ. No. 4341. Second Appellate District, Division Two.—May 27, 1927.]

MARY R. PAINE, Appellant, v. A. S. KESZTHELYI, Respondent.

[1] CLAIM AND DELIVERY—PATENTS—RIGHT OF POSSESSION—EVIDENCE —FINDINGS. — In this action in claim and delivery, the evidence was sufficient to sustain the finding by the trial court that defendant was the owner of patent rights protecting the manufacture and sale of certain sound-producing instruments, and was entitled to the possession of a workshop and equipment under a contract to provide him therewith for his use in developing said instruments, as against the claim, under a transfer by the other party to the contract, of one who advanced money to such party for the purposes of the contract.

[2] ID. — PERSONAL PROPERTY — RIGHT TO EXCLUSIVE POSSESSION — JUDGMENTS.—In such action, plaintiff was not entitled to judgment where defendant was entitled to the possession of the property at the time the action was commenced, since to succeed in an action for the recovery of specific personal property plaintiff must have the right to its immediate and exclusive possession.

---

2. Replevin, note, 80 Am. St. Rep. 741. See, also, 5 Cal. Jur. 161; 23 R. C. L. 866.

[3] Id.—Value of Property—Evidence—Findings.—In such action, a finding of the value of the property under the allegation of value in the verified complaint, which was expressly admitted by the answer, was supported by the evidence, although plaintiff at the trial introduced testimony without objection showing a lesser value.

(1) 30 Cyc., p. 967, n. 66.    (2) 34 Cyc., p. 1387, n. 54, 55.    (3) 34 Cyc., p. 1532, n. 80.

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

David Welts and C. C. Trott for Appellant.

Fred Mansur for Respondent.

WORKS, P. J.—This is an action in claim and delivery. Judgment went for defendant and plaintiff appeals.

[1] It is contended, first, that there was no evidence to support the finding of the trial court that respondent was entitled to the possession of the property in controversy in the action, and that appellant was neither the owner nor entitled to possession. There was evidence of the following facts, which was practically undisputed: Respondent was the owner of patent rights protecting the manufacture and sale of certain sound-producing instruments. He entered into a written agreement with one Henriette Coon which, construing it in a general way according to its context, was executed for the purpose of promoting the manufacture and sale of the instruments covered by the patents. Certain parts of the document, which was very lengthy, have a bearing upon the question of the title to the personalty which is involved in this action. For the purpose of carrying out the design of the parties to the instrument, it provided that, within a specified time, Miss Coon would form a corporation in accordance with the terms of a certain schedule attached to it; that upon the signing of the agreement she would

3. See 5 Cal. Jur. 195.

"place at the disposal" of respondent a certain sum of
money and "within a reasonable time thereafter the re-
mainder of the money to be used by [respondent] as re-
quired for the purposes and to properly equip and maintain
a workshop . . . with such machinery and material as may
be required by [him] for his use in developing said instru-
ments"; that Miss Coon "shall be given an option confer-
ring exclusive rights to manufacture or sale of each and
every of the said instruments developed and completed by"
respondent; that upon the failure of either of the parties to
comply with the terms of the contract "in any respect" the
other might give sixty days' notice of intention to cancel it,
and that at the expiration of such period after such notice a
cancellation should result unless the breach were remedied
in the interim; that upon cancellation "all rights and titles
of whatsoever nature in and to said patents and inventions,
all models, samples and instruments made and developed by
and under the supervision of" respondent, with exceptions
as to articles already on the market, "shall belong and be-
come the sole property of" respondent; and that "all rights
and obligations of" Miss Coon "in this agreement shall
inure to and evolve upon the proposed corporation when
formed and organized by" her, "and this agreement will be
ratified by said corporation by appropriate action spread
upon its minutes." The "schedule" attached to the agree-
ment, and providing a scheme for the organization of the
corporation referred to in it, recited that a part of its pur-
poses should be to secure from respondent the rights "to
manufacture or sell license rights on all instruments as per-
fected under patent"; that the corporation was to be capi-
talized at a certain figure; that thirty per cent of the stock
was to be issued to respondent, a certain amount was "to
be sold for first financial requirements of the company,"
and a part of this amount was to be sold "for emergency
fund and expenses"; and that it was "proposed to develop
workable, commercial models of the five instruments and
manufacture the instruments and sell on royalty basis or
lease rights to use."

Miss Coon took subscriptions from various persons for the
purpose of carrying out the arrangements she had made
with respondent, and assembled a considerable amount of
money by that method. To some of these "investors," as

they termed themselves on the witness-stand when testifying in the trial court, although perhaps not to all of them, she issued receipts to the effect that the money paid in was "as investment in company now forming to develop instruments under patents of A. S. Keszthelyi, for which [the investor] is to receive stock when and as issued in accordance with incorporation proceedings." One investor testified that when she paid her money to Miss Coon the latter said she was "to receive stock in the corporation" for it, and others testified to the same effect. With the money thus acquired Miss Coon purchased and delivered to respondent a long list of machinery and tools, although payment for the highest priced articles thus purchased was made in installments under conditional sales contracts. Some of the tools were purchased for cash, under selection by respondent, Miss Coon paying the money. The machinery and tools thus bought were acquired in compliance with the provision of the contract between Miss Coon and respondent whereby she agreed to place money at his disposal "as required for the purposes of and to properly equip and maintain a workshop." They together constituted the property which was the subject of the present action. Collectively they will be referred to hereafter as the workshop equipment.

The conditional sales contracts covering the larger part of the workshop equipment, in value, were executed by Miss Coon as the purchaser. Appellant Mary R. Paine was the heaviest "investor" among those from whom Miss Coon procured subscriptions. Before the latter got from Mrs. Paine the money subscribed by her she was having difficulty in making payments on the sales contracts, and she told Mrs. Paine that if the latter would subscribe the amounts necessary to complete the payments she, Miss Coon, according to her testimony, "would have a bill of sale made in her name to protect her interest in it." Mrs. Paine then paid the necessary money, and, when the payments on the conditional sales contracts were completed, Miss Coon requested the sellers to issue receipted invoices covering the property purchased to Mrs. Paine, and this was done. Miss Coon, also, executed a bill of sale to Mrs. Paine for the entire workshop equipment.

The corporation referred to in the agreement between Miss Coon and respondent was organized, with a board of

directors and officers, although not within the time specified in the agreement. The board held several meetings and at one of them a resolution was adopted to the effect that the corporation accepted an assignment of all Miss Coon's right, title, and interest in the contract between her and respondent. The resolution and a copy of the contract were engrossed upon the minutes of the corporation. One of the directors who voted for the resolution was Mrs. Paine. Another was Miss Coon.

[2] Respondent contends that he was the owner of the workshop equipment, and the trial court so found, but it is not necessary for us to pass upon the point. If respondent was entitled to the possession of the property at the time the action was commenced, appellant could not have obtained judgment against him. To succeed in an action for the recovery of specific personal property a plaintiff must have the right to the immediate and exclusive possession of it (5 Cal. Jur. 160, sec. 4). A mere perusal of the statement of facts which we have made demonstrates that respondent had the right to the possession of the workshop equipment at the time of its delivery to him. Nor can we perceive that the right was ever lost. As touching this particular question appellant relies upon a circumstance to which we have not before adverted, but have reserved for mention in this place. At a certain stage in the relations between respondent, Miss Coon, and the corporation which was organized pursuant to the contract between the two natural persons, respondent in writing notified Miss Coon and the board of directors of the corporation that he elected to cancel the contract. The notice pointed out certain particulars in which respondent asserted that the terms of the contract had not been fulfilled and demanded that Miss Coon and the corporation take certain designated steps in order to repair the alleged breach. Toward the close of the paper respondent stated that ''unless all of the above stated demands and requirements as set forth in said contract are fulfilled, this will be your notice that sixty days from this date and thereafter, said contract will be cancelled and declared void.'' And immediately following this statement he said: ''This is intended as a notice of cancellation as provided in said contract.'' Appellant takes the position that at the end of the sixty days the contract was canceled and set at naught and that she at once

became entitled to the possession of the workshop equipment. The corporation is not a party to the action and we therefore do not decide whether appellant was the owner of the property involved in it. Laying aside that question, and also the question whether by their contract Miss Coon and respondent intended that either of them by his mere *ipse dixit* should have the right to terminate the obligations imposed by the instrument, we think there is at least one answer to the proposition advanced by appellant. There was no evidence that Miss Coon and the corporation did not comply with the demands made by respondent in his notice of cancellation, and we think it was incumbent upon appellant to make proof to that effect as one of the links in the chain of evidence showing her right to the possession of the property. If the demands were complied with the notice of cancellation at once fell to the ground, and respondent's right to the possession of the workshop equipment was not interrupted or terminated. The trial court found that the contract was canceled, but we think the issue upon which the finding was based is immaterial, having decided that the evidence supports the finding that respondent was entitled to possession.

[3] Upon the commencement of the action, under appropriate proceedings, the sheriff took the workshop equipment into his possession and delivered it to appellant, who sold it. The judgment in favor of defendant was for the value of the property. It is insisted by appellant that the finding of the trial court as to value is not supported by the evidence. Appellant herself alleged in her complaint that the value was as found by the court, and the allegation was expressly admitted by the answer. However, appellant at the trial, without objection by respondent, introduced evidence showing a lesser value than that established by the pleadings and found by the court. Appellant contends that the court must have found in accordance with this evidence, notwithstanding the state of the pleadings. The point is not tenable. Certainly, if the evidence could be considered at all, the most that can be said is that there was a conflict between the sworn allegation of the complaint, for the pleading was verified, and the testimony, and the court could have found either way. Upon the question whether the evidence could be considered at all, see *Welch*

v. *Alcott,* 185 Cal. 731 [198 Pac. 626]; *Romer* v. *Wehmer,* 61 Cal. App. 411 [214 Pac. 993].

The question as to what rights the corporation, or the "investors," may have in the fruits of the judgment in respondent's favor is not, of course, involved in the present action.

Judgment affirmed.

Craig, J., and Murphey, J., *pro tem.,* concurred.